**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 14-cv-00878-WJM-NYW

JAMES A. RILEY,

    Plaintiff,

v.

THE UNITED STATES OF AMERICA,

    Defendant.

---

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
REGARDING MOTION TO DISMISS**

---

Magistrate Judge Nina Y. Wang

This matter comes before the court on the Motion to Dismiss for Failure to Prosecute ("Motion to Dismiss") [#36], filed on February 23, 2015 by the United States of America ("Defendant" or "the Government"), seeking to dismiss the Complaint. This Motion was referred to this Magistrate Judge pursuant to the Order of Reference dated March 27, 2014 [#4] and memorandum dated February 23, 2015 [#38]. After carefully considering the Motion, the entire case file, and the applicable case law, I respectfully RECOMMEND that Defendant's Motion to Dismiss be GRANTED.

On March 20, 2015, I ordered Plaintiff to show cause in writing and on or before April 2, 2015, why this case should not be dismissed for lack of prosecution and failure to comply with the court's January 26, 2015 Order that compelled Mr. Riley to respond to the Government's written discovery. [#42]. The procedural history relevant to the pending Motion to Dismiss was

recounted therein. *See id.* Plaintiff has not responded to the March 20 Order to Show Cause and he has not otherwise complied with the January 26 Order.

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Local rule of practice 41.1, D.C.COLO.LCivR, provides:

> A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

The court considers the following factors in determining whether to dismiss an action under Rule 41(b) or for failure to comply with a court order: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant, (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. *Ehrenhaus v. Reynolds,* 965 F.2d 916, 920 (10th Cir. 1992). *See also Mobley v. McCormick*, 40 F.3d 337, 340-41 (10th Cir. 1994) (adopting *Ehrenhaus* criteria for dismissal sanctions imposed for noncompliance with non-discovery orders). This court finds that each of the *Ehrenhaus* factors favors dismissal. Plaintiff's failure to comply with the court's orders has prevented Defendant from obtaining discovery necessary to the preparation of its defense. Plaintiff's conduct has likewise impeded the just, speedy, and inexpensive determination of his Second Amended and Final Complaint as the lack of discovery has essentially stymied the court from any substantive consideration of Plaintiff's claims. *See* Fed. R. Civ. P. 1. The record in this matter demonstrates that Plaintiff is responsible for the delays at issue, and the court has warned Plaintiff on at least

two occasions that the failure to comply with courts orders could result in dismissal of this action. *See* [#32, #42]. Finally, through a motion for extension of time and pure nonparticipation, Plaintiff has received over four months' additional time to respond to Defendant's written discovery. *See* [#22]. Plaintiff has persistently failed to respond to Defendant's requests or otherwise engage in the discovery process; furthermore, he has failed to respond to this court's order seeking an explanation as to why his case should not be dismissed. In addition, there is no indication from the docket that Mr. Riley is not receiving the court's orders; for example, there are no returns of the mailings as undeliverable. In light of this history, this court finds that dismissal is an appropriate sanction.

Accordingly, I respectfully RECOMMEND that Defendant's Motion to Dismiss [#36] be GRANTED and that the Complaint [#1] be DISMISSED WITHOUT PREJUDICE for lack of prosecution and for failure to comply with an order of the court.[1]

---

[1] Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's

DATED: April 8, 2015           BY THE COURT:

                               s/ Nina Y. Wang
                               United States Magistrate Judge

---

ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).